UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Criminal Case No. 19-20825
        Honorable Linda V. Parker

DONTRELL COATES,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION DUE TO CHANGED CIRCUMSTANCES

Defendant stands charged in a three-count Indictment with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c).  On December 4, 2019, Magistrate Judge Anthony P. Patti ordered Defendant detained pending trial, finding that Defendant did not introduce sufficient evidence to rebut the presumption of detention and that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.  (*See* ECF No. 9.)  On January 6, 2020, Defendant asked this Court to revoke the detention order citing his psychological condition which he believed could be better treated if he was

released on bond. (ECF No. 17.) The Court denied Defendant's motion on January 21, 2020, specifically noting that there would be no one present at Defendant's residence to supervise him if he was released. (ECF No. 22.) The matter is presently before the Court on Defendant's renewed motion for revocation of the detention order. (ECF 27.)

In his present motion, Defendant cites COVID-19 as a change in circumstances warranting reconsideration of the detention order. (*Id.*) Defendant indicates that his significant other, Jennifer Springfield, is now not working and therefore is home and capable of supervising him if he is released. (*Id.*) The Government opposes Defendant's motion arguing first that there have been no changes in circumstance warranting reconsideration of the detention order and second that releasing Defendant into Ms. Springfield's care will not guarantee her or the community's protection. (ECF No. 29.) The Court held a motion hearing via videoconference on May 27, 2020. At the start of the hearing, Defendant orally waived his right to appear in person in court and consented to the hearing being held via videoconferencing.

A defendant must be detained pending trial if the court determines, after conducting a hearing, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The court may reopen

the hearing if it finds "that information exists that was not known to the movant at the time of the hearing" and the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *Id*. § 3142(f)(2). To satisfy the first requirement, the Defendant must show "truly changed circumstances or a significant event." *United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *1 (6th Cir. May 21, 2020) (unpublished opinion) (citing cases).

The novel coronavirus ("COVID-19") is "new and previously unknown." *Id*. Nevertheless, "a generalized risk of contracting COVID-19 does 'not amount to a material change of circumstances warranting a renewed evaluation of a prior detention order.'" *Id*. (quoting *United States v. Nero*, No. 17-cv-20183-5, 2020 WL 1672656, at *2 (E.D. Mich. Apr. 6, 2020)) (additional quotation marks, citations and alterations omitted). And while a district court may also temporarily release a defendant where the defendant demonstrates that release is "necessary …for [a] compelling reason[,]" 18 U.S.C. § 3142(i), generalized fears of contracting COVID-19, without more, usually do not "constitute a compelling reason." *Bothra*, 202 WL 2611545, at *2. Courts instead consider whether the defendant's individual circumstances provide a compelling reason for release. *Id*.

3

Defendant fails to present a material change of circumstances warranting a renewed evaluation of his detention order. Ms. Springfield's work status possibly suggests that she is available to supervise Defendant if he was released into her custody. However, with the State's stay-at-home order in the process of being slowly lifted, there is the possibility that Ms. Springfield will be returning to work in the near future. Moreover, and perhaps more importantly, a previous report of Defendant threatening Ms. Springfield with a loaded weapon—despite her claim at the motion hearing that she lied when she reported this to police—leaves the Court uncertain whether Defendant's release into Ms. Springfield's care would reasonably assure her safety.

Defendant's mental health issues do not provide a compelling reason for his release. There is no indication that his psychological condition places him at greater risk of contracting coronavirus. At the motion hearing, the Court learned that Defendant is receiving medication to treat his mental health issues while incarcerated.

In short, the Court already has determined that Defendant should be detained pending trial because he poses a danger to the public and a risk of flight if released. He fails to present a material change of circumstances or a compelling reason to reconsider that decision.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Revocation of Detention Due to Change of Circumstances (ECF No. 27) is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: June 4, 2020